OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court denying the insurer’s application for a permanent stay of arbitration reinstated.
Under the provisions of section 675 of the Insurance Law as implemented by regulations promulgated by the Superintendent of Insurance the insured is given the option of submitting any dispute involving the insurer’s liability to pay first-party benefits, including his attorney’s reasonable fee, to arbitration for resolution. In the present case the insured is availing *832 himself of this option. More particularly he now seeks to recover from the insurer an allowance for an additional counsel fee for services rendered in prior appeals to the Appellate Division (54 AD2d 879) and to our court (43 NY2d 685) in judicial proceedings instituted by the insurer to review the original arbitration award which directed the insurer to pay first-party benefits for dental services and associated counsel fees. When the insurer resisted the present additional claim for further counsel fees, the insured sought to submit their dispute to arbitration. This he was entitled to do under the statute.
Contentions advanced by the insurer that the insured is not entitled to post arbitration fees under the statute, on whatever legal theory or factual ground they may be predicated, go to the merits of the insured’s claim and thus are for the arbitrator to consider and resolve. The courts "shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute” (CPLR 7501). (Cf. Board of Educ. v Patchogue-Medford Congress of Teachers, 48 NY2d 812 [holding that a defense based on res judicata principles is for the arbitrator].) In accordance with the command of the statute we intimate no views on the arguments advanced by the parties, other than to uphold the right of the insured to submit his claim for additional counsel fees to arbitration.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judges Jasen and Meyer dissent and vote to affirm for reasons stated in the dissenting opinion by Judge Meyer in Matter of Fresh Meadows Med. Assoc. (Liberty Mut. Ins. Co.) (49 NY2d 93).
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated in a memorandum.