OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 As a result of decreased student enrollment, the Board of Education of the City of Tonawanda discharged two of its tenured teachers, Miller and Cole. Both filed arbitrable grievances alleging that by reason of the Board’s failure to have terminated in their place teachers who had less seniority in their tenure area (but who were certified to teach subjects in which the discharged teachers were not certified) there had been a violation of the seniority provision of the collective bargaining agreement in effect between the school district and the association representing the teachers.
 

 The Miller grievance was arbitrated first and resulted in an award favorable to the school district, that there had
 
 *848
 
 been no violation. A different arbitrator by whom the Cole grievance was heard, who knew of the Miller award, reached a different conclusion two months later, found that a violation of the seniority provision had occurred, and directed payment of compensating damages to Cole. When the school district brought a proceeding to confirm the Miller award and one to vacate the Cole award Supreme Court granted the relief requested, holding that the first award, in the school district’s favor, was entitled to
 
 res judicata
 
 effect in the second, Cole, arbitration of a grievance which arose in circumstances identical to that presented in the earlier grievance. On appeal by the teachers’ association from Supreme Court’s disturbance of the Cole award, the Appellate Division unanimously reversed and confirmed the determination of the arbitrator favorable to Cole, noting that the defense of
 
 res judicata
 
 was for the arbitrator. In that holding the Appellate Division was correct. The effect, if any, to be given to an earlier arbitration award in subsequent arbitration proceedings is a matter for determination in that forum
 
 (Board of Educ. v Patchogue-Medford Congress of Teachers,
 
 48 NY2d 812, 813;
 
 Matter of Country-Wide Ins. Co. [Barrios],
 
 48 NY2d 831, 832). The existence of a prior award inconsistent with one sought to be vacated is not included among the grounds set out in CPLR 7511 (subd [b]) on which a court may upset an arbitration award.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.