In the Matter of the Arbitration between CARMEN I. FALZONE, Now Known as CARMEN I. CORDERO, Respondent, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [881 NYS2d 769]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered November 20, 2008 in a proceeding pursuant to CPLR article 75. The order granted claimant's motion and vacated an arbitration award.

It is hereby ordered that the order so appealed from is re-

versed on the law without costs, the motion is denied, and the arbitration award is confirmed.

Memorandum: Claimant was allegedly injured in an automobile accident and, following a hearing based on the denial by respondent, her insurer, of her request for no-fault benefits, the arbitrator awarded claimant the sum of $4,354.56. Claimant also sought supplementary uninsured motorists (SUM) benefits and, following a second hearing before a different arbitrator, the arbitrator denied her request for such benefits on the ground that her injuries were not caused by the accident. Claimant moved pursuant to CPLR article 75 to vacate or modify the SUM arbitration award contending, inter alia, that respondent was collaterally estopped from relitigating the issue of causation with respect to her injuries. Respondent, on the other hand, sought confirmation of the SUM arbitrator's award. We agree with respondent that Supreme Court erred in granting claimant's motion. The fact that a prior arbitration award is inconsistent with a subsequent award is not an enumerated ground in either subdivision (b) or (c) of CPLR 7511 for vacating or modifying the subsequent award (*see Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn.*, 63 NY2d 846, 848 [1984]). As the court properly recognized, "[i]t was within the [SUM] arbitrator's authority to determine the preclusive effect of the prior arbitration on the instant arbitration" (*Matter of Progressive N. Ins. Co. v Sentry Ins. A Mut. Co.*, 51 AD3d 800, 801 [2008]). The court erred in noting, however, that it was unable to determine whether the SUM arbitrator even considered claimant's contention with respect to collateral estoppel. Arbitrators are not required to provide reasons for their decisions (*see Matter of Solow Bldg. Co. v Morgan Guar. Trust Co. of N.Y.*, 6 AD3d 356, 356-357 [2004], *lv denied* 3 NY3d 605 [2004], *cert denied* 543 US 1148 [2005]; *Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 41 [1987]), and thus the SUM arbitrator was not required to state that he had considered that contention.

All concur except Peradotto and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Peradotto and Gorski, JJ. (dissenting). We respectfully dissent and would affirm. Although collateral estoppel "is not a basis on which [Supreme C]ourt may, under CPLR 7511, vacate an arbitration award" (*Matter of Globus Coffee, LLC v SJN, Inc.*, 47 AD3d 713, 714 [2008]; *see Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn.*, 63 NY2d 846, 848 [1984]), vacatur is permitted where the award " 'violates a strong public policy, is irrational or clearly exceeds a specifically

enumerated limitation on the arbitrator's power' " (*Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1439 [2007], quoting *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see generally* CPLR 7511 [b] [1] [iii]). In our view, the arbitrator who issued the award with respect to supplementary uninsured motorists (SUM) benefits exceeded his power by disregarding the preclusive effect of a prior arbitration award and instead issuing a different determination with respect to causation, involving the same parties and based upon the same facts (*see Matter of American Honda Motor Co. v Dennis*, 259 AD2d 613 [1999]; *Motor Veh. Acc. Indem. Corp. v Travelers Ins. Co.*, 246 AD2d 420, 422 [1998]).

We agree with the majority that it generally is within the arbitrator's discretion to determine the preclusive effect of a prior arbitration award on the instant arbitration (*see City School Dist. of City of Tonawanda*, 63 NY2d at 848). In a number of the cases setting forth that general proposition, however, there are factual issues whether the prior award should be given preclusive effect, either because the parties are not identical (*see e.g. id.*, 63 NY2d at 847-848; *Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers*, 48 NY2d 812, 813 [1979]), or it is not clear whether the disputed issue was resolved in the prior proceeding (*see e.g. Globus Coffee, LLC*, 47 AD3d at 714; *Matter of Town of Newburgh v Civil Serv. Empls. Assn.*, 272 AD2d 405 [2000]; *Matter of Medina Power Co. [Small Power Producers]*, 241 AD2d 915 [1997]). Here, there are no such factual issues. The SUM arbitrator was thus barred from relitigating the issue of causation between the identical parties, inasmuch as it was " 'actually contested and therefore determined by the [prior] award' " (*Medina Power Co.*, 241 AD2d 915 [1997]).

Further, we note that "strong public policy considerations favor finality in the resolution of disputes of all kinds to assure that parties will not be vexed by further litigation" (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 40 [2003]), and that "[t]he object of arbitration is to achieve a final disposition of differences between parties in an easier, more expeditious and less expensive manner" (*Matter of Maye [Bluestein]*, 40 NY2d 113, 117-118 [1976]). Just as a court may not redetermine an issue conclusively decided in a prior arbitration proceeding between the same parties (*see Clemens v Apple*, 65 NY2d 746, 748-749 [1985]), despite having the same discretion as an arbitrator with respect to collateral estoppel determinations (*see Rembrandt Indus. v Hodges Intl.*, 38 NY2d

502, 504 [1976]), an arbitrator is similarly precluded from redetermining an issue previously settled between the parties pursuant to an arbitration award (*see American Honda Motor Co.*, 259 AD2d 613 [1999]). To conclude otherwise would "defeat[ ] . . . two of arbitration's primary virtues, speed and finality" (*Matter of Weinrott [Carp]*, 32 NY2d 190, 198 [1973]), and would instead encourage parties to seek that finality by way of the court system. Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.