[939 NE2d 1197, 914 NYS2d 67]

In the Matter of the Arbitration between CARMEN I. FALZONE, Now Known as CARMEN I. CORDERO, Appellant, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent.

Argued September 16, 2010; decided October 21, 2010

**POINTS OF COUNSEL**

*Gross, Shuman, Brizdle & Gilfillan, P.C.,* Buffalo (*Hugh C. Carlin* and *David H. Elibol* of counsel), for appellant. I. The arbitrator exceeded his authority in redetermining the previously determined issue of causal relation despite the fact there were no factual disputes regarding issues or parties involved. (*Matter of Ranni [Ross],* 58 NY2d 715; *Clemens v Apple,* 102 AD2d 236, 65 NY2d 746; *Casey v Country-Wide Ins. Co.,* 240 AD2d 232; *Matter of Pinnacle Envt. Sys. [Cannon Bldg. of Troy Assoc.],* 305 AD2d 897; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Motor Veh. Acc. Indem. Corp. v Travelers Ins. Co.,* 246 AD2d 420; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 6 NY3d 332; *Matter of Medina Power Co. [Small Power Producers],* 241 AD2d 915; *Matter of American Honda Motor Co. v Dennis,* 259 AD2d 613; *Matter of Ulster Elec. Supply Co. v Local 1430, Intl. Bhd. of Elec. Workers,* 253 AD2d 765.) II. The SUM arbitration award should be vacated on the grounds it violates strong public policy favoring finality and the resolution of disputes and arbitrability of such disputes. (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin,* 1 AD3d 39; *Matter of Reilly v Reid,* 45 NY2d 24; *Xiao Yang Chen v Fischer,* 6 NY3d 94; *Motor Veh. Acc. Indem. Corp. v Travelers Ins. Co.,* 246 AD2d 420; *Casey v Country-Wide Ins. Co.,* 240 AD2d 232; *Matter of Maye [Bluestein],* 40 NY2d 113; *Matter of Mole [Queen Ins. Co. of Am.],* 14 AD2d 1; *Clemens v Apple,* 65 NY2d 746.) III. The SUM arbitrator's award is wholly irrational and unsupported by the evidence. (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907; *Rudolph's Women's Apparel of Mt. Kisco v Chiappinelli,* 167 AD2d 379; *Matter of Aetna Cas. & Sur. Co. v Bonilla,* 219 AD2d 708; *Maddison v Furneaux,* 8 Misc 3d 1012[A], 2005 NY Slip Op 51059[U].)

*Brown & Kelly, LLP,* Buffalo (*H. Ward Hamlin, Jr.,* of counsel), for respondent. I. The question of collateral estoppel or issue preclusion is solely within the province of the arbitrator, who is free to redetermine an issue based on new evidence or a different burden of proof. (*Bronx Radiology, P.C. v New York Cent. Mut. Fire Ins. Co.,* 17 Misc 3d 97; *Matter of Allen [New York State],* 53 NY2d 694; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO,* 6 NY3d 332; *Matter of Mays-Carr [State Farm Ins. Co.],* 43 AD3d 1439; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72; *Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers,* 48 NY2d 812; *Matter of Port Auth. of N.Y. & N.J. v Office of Contract Arbitrator,* 254 AD2d 194, 93 NY2d 913; *Clemens v Apple,* 102 AD2d 236, 65 NY2d 746.) II. The Appellate Division applied the applicable standard for review of an arbitrator's award. (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214; *New York Cent. Mut. Fire Ins. Co. v Nichols,* 192 AD2d 1131; *Matter of New York Cent. Mut. Fire Ins. Co. v Drasgow,* 12 AD3d 1038, 4 NY3d 841; *Matter of Singleton [Fireman's Fund Ins. Co.],* 247 AD2d 868.) III. The subject arbitration award was not imperfectly executed or irrational and had an evidentiary basis. (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit],* 70 NY2d 907; *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214.)

**OPINION OF THE COURT**

JONES, J.

In this CPLR article 75 proceeding arising from respondent's determination denying petitioner's claim for supplementary uninsured/underinsured motorist (SUM) benefits, the primary issue before this Court is whether the SUM arbitrator exceeded the scope of his authority by not giving preclusive effect to a prior arbitration award involving the same parties and accident.

On May 15, 2004, petitioner was involved in a two-car collision. Subsequently, she filed a claim for no-fault benefits with respondent insurer, alleging she had injured her shoulder. When respondent denied petitioner's no-fault claim on the ground that her shoulder injury was not related to the accident, petitioner challenged the denial in arbitration. Disagreeing with respondent's denial, the no-fault arbitrator, in May 2008, ruled

that respondent's denial based on lack of relatedness was inappropriate and awarded petitioner $4,354.56 in no-fault benefits.

After petitioner settled her lawsuit against the driver of the other vehicle for that driver's $25,000 policy limit, she sought SUM benefits in the amount of $75,000 from respondent insurer. Citing the prior denial of no-fault benefits as being unrelated to the accident, respondent denied the claim for SUM benefits. On February 28, 2008, during the pendency of the no-fault arbitration, petitioner sought to challenge the denial of SUM benefits in a separate arbitration proceeding.

At the hearing in the SUM arbitration, held about two months after the decision in the no-fault arbitration, respondent again argued that the injury was unrelated to the accident, while petitioner countered that the SUM arbitrator was bound by the prior determination of the no-fault arbitrator under the doctrine of collateral estoppel. After the hearing, in August 2008, the SUM arbitrator issued an award in favor of respondent denying SUM benefits. In a finding directly opposite that of the no-fault arbitrator, the SUM arbitrator concluded that petitioner's injury was not caused by the accident, and also found that her recovery from the other driver was more than adequate compensation for any injuries sustained in the accident.

Thereafter, petitioner commenced this CPLR article 75 proceeding to set aside the SUM arbitration award in respondent's favor. Petitioner argued that respondent was collaterally estopped from relitigating the causation issue. Respondent sought confirmation of the award.

Supreme Court vacated the SUM arbitration award and ordered that a new arbitration be scheduled before a different arbitrator. The court concluded that although it is within an arbitrator's discretion to determine the preclusive effect of a prior arbitration award, here, there was nothing in the SUM arbitrator's decision to indicate whether petitioner's collateral estoppel argument was even considered.

By a 3-2 vote, the Appellate Division reversed Supreme Court's order and confirmed the SUM arbitration award (64 AD3d 1149 [4th Dept 2009]). The majority concluded that (1) "[t]he fact that a prior arbitration award is inconsistent with a subsequent award" is not a ground, pursuant to CPLR 7511, for vacating an arbitration award, (2) it is within the arbitrator's sole discretion to determine the preclusive effect of a prior award, and (3) "the SUM arbitrator was not required to state

that he had considered" the collateral estoppel argument raised before him. (64 AD3d at 1150.) The dissenting Justices countered that the SUM arbitrator exceeded his power by disregarding the preclusive effect of the prior no-fault arbitration award, which involved the same parties and was based on the same facts. Petitioner appeals as of right pursuant to CPLR 5601 (a); we now affirm.

It is well settled that a court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]; CPLR 7511 [b] [1] [iii]). Even where an arbitrator has made an error of law or fact, courts generally may not disturb the arbitrator's decision (see Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d at 336 ["(C)ourts are obligated to give deference to the decision of the arbitrator. This is true even if the arbitrator misapplied the substantive law in the area of the contract" (citations omitted)]). Here, petitioner's claim—that the arbitrator erred in failing to apply collateral estoppel to preclude litigation of the causation issue in the SUM arbitration—falls squarely within the category of claims of legal error courts generally cannot review.

In this appeal, we are merely applying this State's well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable (see Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers, 48 NY2d 812, 813 [1979] [this Court, addressing the doctrine of res judicata, held that if a grievance is within the scope of the arbitration agreement and would do no harm to the State's public policy in favor of arbitration, further judicial inquiry into arbitrability is foreclosed and "any remaining questions, including whether a prior award constitutes a bar to the relief sought, are within the exclusive province of the arbitrator to resolve" (citations omitted)]; Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn., 63 NY2d 846, 848 [1984] ["The effect, if any, to be given to an earlier arbitration award in subsequent arbitration proceedings is a matter for determination in that forum"]; compare with Clemens v Apple, 65 NY2d 746 [1985], and Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43

NY2d 184, 191 [1977] [holding that if an issue between identical parties is resolved in an arbitration proceeding, the determination as to that issue may be binding on subsequent *court proceedings* under the doctrine of collateral estoppel where the parties have had a full and fair opportunity to litigate the issue]). Thus, if a court makes an error and fails to properly apply collateral estoppel, the issue can be reviewed and corrected on appeal. By contrast, if an arbitrator erred in not applying collateral estoppel, the general limitation on judicial review of arbitral awards precludes a court from disturbing the decision unless the resulting arbitral award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power.

Here, the prior (no-fault) arbitration award involved the same parties, the same accident, the same injuries, and resolution of the same issue (causation) as the subsequent (SUM) arbitration award. Respondent insurer, a party to the prior arbitration, lost on the causation issue. Petitioner, the prevailing party on that issue in the prior arbitration, reasonably argued that collateral estoppel should apply to bar relitigation of the causation issue in the subsequent SUM arbitration. The SUM arbitrator rejected petitioner's argument, had the parties relitigate the causation issue and, contrary to the no-fault arbitrator's determination, found in respondent insurer's favor on the causation issue.

It is not for us to decide whether the SUM arbitrator erred in not applying collateral estoppel (i.e., not giving preclusive effect to the no-fault arbitrator's determination on the issue of causation). Because the SUM arbitration award was not patently irrational or so egregious as to violate public policy, the instant SUM arbitration award (and whether the SUM arbitrator erred or exceeded his authority) is beyond this Court's review powers.

Since the instant claim involves the doctrine of collateral estoppel, not res judicata, petitioner's reliance on Appellate Division decisions barring subsequent arbitrations on res judicata grounds is misplaced.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

PIGOTT, J. (dissenting). I respectfully dissent. In my view, the SUM arbitrator exceeded his authority in disregarding the no-fault arbitrator's finding on the issue of causation and substituting his own, when the identical parties had previously litigated the identical issue.

Insurance Law § 5106, titled "Fair claims settlement," was designed for its titled purpose: to provide a forum where persons sustaining injuries in auto accidents could quickly adjudicate whether or not their no-fault carriers would pay their claims (*see Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 264 [1985]). Here, petitioner applied for no-fault benefits and the insurer denied those benefits because its physician concluded that the shoulder injury was not related to the accident. Petitioner sought arbitration of that decision, taking a significant risk that a negative outcome on the causation issue would preclude her from bringing a civil suit to recover against her tortfeasor and, subsequently, her SUM carrier, for her shoulder injury (*see Clemens v Apple*, 65 NY2d 746, 748-749 [1985]).

Petitioner submitted her own medical evidence to counter the insurer's, and prevailed at the no-fault arbitration. The arbitrator concluded that petitioner's shoulder injury was causally related to the accident and awarded her approximately $4,300. The insurer did not move to vacate or modify the award even though Insurance Law § 5106 (c) provides that "[a]n award by an arbitrator *shall be binding* except where vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent" (emphasis supplied).

Having lost at the no-fault arbitration and paying, in full, the sum awarded to petitioner for her shoulder injury, the insurer thereafter consented to petitioner's settlement with the tortfeasor's insurer for the face amount of the tortfeasor's policy. However, the insurer again challenged causation relative to petitioner's shoulder injury, this time during the SUM arbitration and over petitioner's objection.

Apparently, what is sauce for the goose is no longer sauce for the gander. Had the arbitrator during the original no-fault arbitration found against the petitioner, any direct action against the tortfeasor would have been met with the defense of issue preclusion, with the tortfeasor relying on the no-fault arbitrator's finding of no causation (*see Clemens*, 65 NY2d 746 [1985]). That, in turn, would have precluded petitioner from even bringing a SUM claim against her carrier, as it would have been impossible for her to succeed on such a claim without first exhausting the tortfeasor's policy limits.

When a claim is initially denied, a no-fault claimant is faced with making the difficult choice: either (1) potentially losing at the no-fault arbitration and being precluded from bringing a

civil suit, or (2) not seeking arbitration of the no-fault carrier's denial of benefits so that the claimant can preserve his or her ability to bring a civil suit at a later date against the tortfeasor, thereby transferring the cost of the claimant's medical care to his or her private insurance carrier, public insurance, or delaying payment.

These results, however, contradict the primary legislative purpose behind the no-fault law, namely, to ensure " 'that every auto accident victim will be compensated for substantially all of his economic loss promptly and without regard to fault,' " such that the insurer has nothing to lose and everything to gain from denying no-fault claims (Norman H. Dachs and Jonathan A. Dachs, *Time to Reconsider 'Clemens v. Apple'?*, NYLJ, Nov. 14, 1995, at 3, col 1, quoting Rep of Joint Legislative Comm on Insurance Rates, Regulation and Recodification of the Insurance Law, 1973 NY Legis Doc No. 18, at 7; Norman H. Dachs and Jonathan A. Dachs, *Collateral Estoppel and Res Judicata in Arbitration*, NYLJ, Feb. 13, 1990, at 3, col 1). Simply put, under the majority holding there is a great deal of incentive for a no-fault carrier to deny claims because even if it loses at arbitration, it can revisit the issue in a later SUM proceeding.

In my view, petitioner should be permitted to rely on the no-fault arbitration causation findings in support of any subsequent arbitration involving the same issue against the same party, just as the tortfeasor and insurer would have been able to rely on that initial finding had petitioner been unsuccessful and instituted a civil suit. It cannot be reasonably argued that the insurer did not have a full and fair opportunity to litigate causation in the no-fault proceeding. After all, it submitted medical proof from its own physician after he conducted an examination that petitioner was contractually obligated to attend.

Moreover, the majority's holding directly contradicts the dictates of Insurance Law § 5106 (c) that arbitration awards are binding unless vacated or modified by a master arbitrator because it allows an unsuccessful insurer to do an end run around that statute to the extent that it effectively nullifies the findings of the no-fault arbitrator. By accepting the SUM arbitrator's "discretion" to disregard the findings of an arbitrator on an identical issue between the same parties, this Court grants the arbitrator more authority than a trial court, appellate court, or this Court, none of which are accorded the power to review the arbitrator's rejection of petitioner's issue preclusion argument.

All of the cases cited by the majority involve arbitrations arising from the invocation of arbitration provisions contained in either collective bargaining agreements or inter-company insurance arbitration agreements—parties of equal size and nature who together agree to submit to the resolution of their claims in a non-judicial forum. Petitioner, like so many motorists, is forced by a sophisticated insurer to choose between arbitration and engaging, at her own expense, in the costly litigation that is itself discouraged by the statute. Having done so, she finds herself in a hall of mirrors where winning in arbitration is only the beginning, not the end of her travail.

Finally, I note that the mere finding of a causal relation between the accident and petitioner's shoulder injury at the no-fault arbitration stage would not have necessarily resulted in a finding that petitioner was entitled to recover damages for non-economic loss in the SUM arbitration. Petitioner would still be required to prove that her damages exceeded the amount of any policy of insurance that covered the original tortfeasor (*see Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196, 205 [2007]). Indeed, that was the issue before the SUM arbitrator in this case, yet he never reached the "serious injury" threshold issue, opting instead to revisit the previously-determined causation finding and reach a different conclusion. Based on the foregoing, it is my view that the SUM arbitrator exceeded his authority by not granting the no-fault arbitrator's causation finding preclusive effect, and I would therefore reverse.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and SMITH concur with Judge JONES; Judge PIGOTT dissents and votes to reverse in a separate opinion.

Order affirmed, with costs.