# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**140**

**CA 13-01107**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN NIAGARA
FRONTIER TRANSPORTATION AUTHORITY,
PETITIONER-APPELLANT,

        AND                   MEMORANDUM AND ORDER

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL
1949, RESPONDENT-RESPONDENT.

---

DAVID J. STATE, BUFFALO (WAYNE R. GRADL OF COUNSEL), FOR
PETITIONER-APPELLANT.

W. JAMES SCHWAN, BUFFALO, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered September 20, 2012 in a proceeding pursuant to CPLR article 75.  The order denied the petition seeking a permanent stay of arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Supreme Court properly denied the petition seeking a permanent stay of arbitration pursuant to CPLR 7503 (b).  Contrary to petitioner's contention, a stay was not warranted on the ground of res judicata.  The prior arbitration between the parties did not involve the same claim, and therefore res judicata, or claim preclusion, is not applicable (*see generally Xiao Yang Chen v Fischer*, 6 NY3d 94, 100).  Insofar as petitioner contends that the prior arbitration involved the same issue and thereby contends that collateral estoppel, or issue preclusion, applies (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349), we note that it is for the arbitrator to determine "[t]he effect, if any, to be given to [that] earlier arbitration award" (*Matter of City Sch. Dist. of City of Tonawanda v Tonawanda Educ. Assn.*, 63 NY2d 846, 848; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534-535).  We reject petitioner's further contention that the arbitration should be permanently stayed as a matter of public policy (*see Matter of Village of Johnson City [Johnson City Firefighters Assn., Local 921 IAFF]*, 75 AD3d 817, 818; *see generally Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 138-

140).

Entered:  February 7, 2014

Frances E. Cafarell
Clerk of the Court