■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GHINNA PALACIOS, Appellant. [19 NYS3d 168]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Daniel P. FitzGerald, J., at plea; Cassandra M. Mullen, J., at sentencing), rendered on or about July 12, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur— Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ.

■ In the Matter of SONYA DURAKU, Appellant, v TISHMAN SPEYER PROPERTIES, L.P., Respondent, et al., Respondent. [19 NYS3d 168]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 3, 2014, which denied the petition to vacate an arbitration award, dated July 15, 2013, denying petitioner's claims of, inter alia, sexual discrimination against respondent Tishman Speyer Properties, L.P., unanimously affirmed, without costs.

The arbitral award is not violative of public policy, irrational, or the product of partiality or bias (see CPLR 7511 [b]; Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). Petitioner's argument is based on the arbitrator's factual findings, which are "largely unreviewable" (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). Petitioner failed to identify any evidence of partiality or bias on the part of the arbitrator (see Kalfus v Kalfus, 270 AD2d 41 [1st Dept 2000]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ. **[Prior Case History: 2014 NY Slip Op 31450(U).]**