Matter of Floral Park Drugs, Inc. v Nationwide Gen. Ins. Co. (2024 NY Slip Op 01114)

Matter of Floral Park Drugs, Inc. v Nationwide Gen. Ins. Co.

2024 NY Slip Op 01114

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 654950/22 Appeal No. 1778 Case No. 2023-02403 

[*1]In the Matter of Floral Park Drugs, Inc., Petitioner-Appellant,
v
Nationwide General Ins. Co., Respondent-Respondent.

Gary Tsirelman, P.C., Brooklyn (Stefan Belinfanti of counsel), for appellant.
Hollander Legal Group, P.C., Melville (Brian Kaufman of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 13, 2023, which denied the petition to vacate the award of a master arbitrator dated October 30, 2022, unanimously affirmed, without costs.
Petitioner, a pharmacy and the assignee of a person injured in a motor vehicle accident, sought coverage from respondent, an insurance company, for prescription drug services (see 11 NYCRR 65-1.1[d]). Respondent denied no-fault coverage based on evidence that petitioner filled prescriptions that were not electronic, thus failing to comply with Public Health Law § 281, which provides that electronic prescriptions are required. On that basis, respondent concluded that there was no valid prescription, and accordingly, that it was not obliged to provide the requested coverage. The arbitrator issued an award ruling in favor of respondent and denying petitioner's claim, and the master arbitrator upheld that award.
The arbitrators' conclusions in denying petitioner's claim were neither irrational nor contrary to settled law (see Matter of Kane v Fiduciary Ins. Co. of Am., 114 AD3d 405 [1st Dept 2014]), nor did they violate a strong public policy or clearly exceed a specifically enumerated limitation on the arbitrators' powers (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). On the contrary, the evidence submitted at the arbitration supports the conclusion that the prescriptions filled by petitioner were not electronic and therefore did not comply with the Public Health Law requirements for prescriptions (Public Health Law § 281[3]; Education Law § 6810). Furthermore, that an exclusion or defense is not listed as such in the mandatory endorsement set forth in 11 NYCRR 65-1.1(d) does not, by itself, render respondent's defense to payment in this matter illegitimate (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 319 [2005]).
We reject petitioner's arguments that it was entitled to fill an oral prescription based on Education Law § 6810(4) and that applicable regulations do not require the pharmacy to verify the reason for an oral prescription. A plain reading of Public Health Law § 281, which by its terms applies "[n]otwithstanding . . . any other law to the contrary." In addition, there is no indication that petitioner made these arguments before either arbitrator or cited the regulations adopted in connection with Public Health Law § 281; thus, there is no evidence that the master arbitrator irrationally rejected those arguments (see Matter of Falzone 15 NY3d at 534).
We also reject petitioner's argument that Supreme Court should have entered a default judgment, as petitioner did not seek to hold respondent in default. The sole affidavit of service in the record states that respondent was served with the notice of petition, the petition, and the affirmation in support, along with a request for judicial intervention and notice of electronic filing, by mail. Insofar as petitioner [*2]attempted service under CPLR 312-a, the affidavit was facially defective, as it did not state that respondent was served with two copies of the statement of service by mail and acknowledgment of receipt (CPLR 312-a [a]; see Carney v Metropolitan Transp. Auth., 221 AD3d 447, 449 [1st Dept 2023]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024