Matter of Buffalo Teachers' Fedn. (Board of Educ. of Buffalo City Sch. Dist.) (2024 NY Slip Op 02429)

Matter of Buffalo Teachers' Fedn. (Board of Educ. of Buffalo City Sch. Dist.)

2024 NY Slip Op 02429

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

224 CA 23-00699

[*1]BUFFALO TEACHERS' FEDERATION, PETITIONER-RESPONDENT, AND BOARD OF EDUCATION OF BUFFALO CITY SCHOOL DISTRICT, RESPONDENT-APPELLANT. 

CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT T. REILLY, LATHAM (JOSE L. MANJARREZ OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Amy C. Martoche, J.), entered April 14, 2023, in a proceeding pursuant to CPLR article 75. The order and judgment granted the petition seeking to vacate an arbitration award and denied respondent's application to confirm the award. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the application is granted and the arbitration award is confirmed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking to vacate an arbitration award determining that a grievance was not arbitrable on the ground that petitioner had failed to timely demand arbitration within the time specified in the parties' collective bargaining agreement (CBA). On appeal from an order and judgment granting the petition and denying the application of respondent to confirm the award, respondent contends that Supreme Court erred in determining that the arbitrator manifestly disregarded the substantive law applicable to the parties' dispute and that the award was irrational. We agree.
It is well settled that "an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). "Under CPLR 7511 (b) an arbitration award must be vacated if, as relevant here, a party's rights were impaired by an arbitrator who 'exceeded [their] power' " (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010], quoting CPLR 7511 [b] [1] [iii]). "[A]n arbitrator 'exceed[s] [their] power' under the meaning of the statute where [their] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (id.), or where the arbitrator " 'manifestly disregard[s]' the substantive law applicable to the parties' dispute" (Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 127 [4th Dept 2017], quoting Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Gerber v Goldberg Segalla LLP, 199 AD3d 1354, 1355 [4th Dept 2021]). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact' " (Kowaleski, 16 NY3d at 91, quoting Falzone, 15 NY3d at 534; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]). As the Court of Appeals has explained, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award [*2]and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). The party seeking to vacate an arbitration award thus bears a heavy burden to establish that the arbitrator exceeded their power (see Matter of Asset Protection & Sec. Servs., LP v Service Empls. Intl. Union, Local 200 United, 19 NY3d 1009, 1011 [2012]; North Syracuse Cent. School Dist. v North Syracuse Educ. Assn., 45 NY2d 195, 200 [1978]).
We agree with respondent that the court erred in vacating the award on the ground that the arbitrator manifestly disregarded the substantive law applicable to the parties' dispute. "[M]anifest disregard of law is a severely limited doctrine" inasmuch as "[i]t is a doctrine of last resort limited to the rare occurrences of apparent egregious impropriety on the part of the arbitrator[ ]" that "requires more than a simple error in law or a failure by the arbitrator[ ] to understand or apply it; and, it is more than an erroneous interpretation of the law" (Wien & Malkin LLP, 6 NY3d at 480-481 [internal quotation marks omitted]). "To modify or vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrator[ ] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[ ] was well defined, explicit, and clearly applicable to the case" (Schiferle, 155 AD3d at 127 [internal quotation marks omitted]; see Wien & Malkin LLP, 6 NY3d at 481; Barone v Haskins, 193 AD3d 1388, 1391 [4th Dept 2021], appeal dismissed 37 NY3d 1032 [2021], lv denied 37 NY3d 919 [2022]).
Here, the court determined that the arbitrator manifestly disregarded "substantive law" applicable to the parties' dispute when the arbitrator distinguished, rather than applied, two prior arbitration awards that petitioner and the court read as favorable to petitioner's position on the timeliness issue. That was error. "The effect, if any, to be given to an earlier arbitration award in subsequent arbitration proceedings is a matter for determination in that forum" (Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn., 63 NY2d 846, 848 [1984]; see Falzone, 15 NY3d at 534-535; Board of Educ. of Patchogue-Medford Union Free School Dist. v Patchogue-Medford Congress of Teachers, 48 NY2d 812, 813 [1979]; see generally 20 Richard A. Lord, Williston on Contracts § 56:92 [4th ed, May 2023 update]). Neither petitioner nor the court identified any "substantive law applicable to the parties' dispute" to support application of the doctrine of manifest disregard of law (Schiferle, 155 AD3d at 127; see Matter of Daesang Corp. v NutraSweet Co., 167 AD3d 1, 21 n 15 [1st Dept 2018], lv denied 32 NY3d 915 [2019]). In any event, even if the two prior arbitration awards constituted substantive law, inasmuch as the record establishes that the arbitrator considered, but distinguished, those arbitration awards, we conclude that petitioner failed to establish that the arbitrator "knew of a governing legal principle" that was "well defined, explicit, and clearly applicable to the case" and "yet refused to apply it or ignored it altogether" (Schiferle, 155 AD3d at 127 [internal quotation marks omitted]; see Matter of McKenna, Long & Aldridge, LLP v Ironshore Specialty Ins. Co., 176 AD3d 526, 527 [1st Dept 2019], lv denied 35 NY3d 906 [2020]).
We further agree with respondent that the court erred in vacating the award on the ground that it was irrational. "An award is irrational if there is no proof whatever to justify the award" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013] [internal quotation marks omitted]). Where, however, "an arbitrator offer[s] even a barely colorable justification for the outcome reached, the arbitration award must be upheld" (id. [internal quotation marks omitted]; see Wien & Malkin LLP, 6 NY3d at 479).
Here, the arbitrator issued a thoughtful, well-reasoned opinion and award in which he considered the terms of the CBA, the evidence adduced at the hearing, and prior arbitration awards, and we thus conclude that "[i]t cannot be said that the arbitrator's procedural resolution of the issue concerning compliance with the contractual requirement that the demand for arbitration be made within a specified time . . . was irrational" (Matter of Diaz v Pilgrim State Psychiatric Ctr. of State of N.Y., 62 NY2d 693, 695 [1984]; see Matter of Town of Greece Guardians' Club, Local 1170, Communication Workers of Am. [Town of Greece], 167 AD3d 1452, 1455 [4th Dept 2018]; Farino v State of New York, 55 AD2d 843, 843 [4th Dept 1976]).
Contrary to petitioner's proffered alternative grounds for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), we conclude that petitioner failed to meet its burden of establishing that the arbitrator's award "is violative of a strong public policy . . . or exceeds a specifically enumerated limitation on his power" (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984], rearg denied 62 NY2d 803 [1984]; see Matter of Rochester City School Dist. [Rochester Assn. of Paraprofessionals], 34 AD3d 1351, 1351-1352 [4th Dept 2006], lv denied 8 NY3d 807 [2007]).
Based on the foregoing, we reverse the order and judgment, deny the petition, grant the application, and confirm the award. In light of our determination, we do not address respondent's remaining contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court