Matter of American Tr. Ins. Co. v Atlantic Med. Care, P.C. (2025 NY Slip Op 07297)

Matter of American Tr. Ins. Co. v Atlantic Med. Care, P.C.

2025 NY Slip Op 07297

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-06054
 (Index No. 527962/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
v
Atlantic Medical Care, P.C., etc., appellant.

Gary Tsirelman, P.C., Brooklyn, NY, for appellant.
Larkin Farrell, LLC, New York, NY (William R. Larkin III of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated June 27, 2022, in which Atlantic Medical Care, P.C., as assignee of Destiny Dixon, cross-petitioned to confirm the award of the master arbitrator and for an award of reasonable attorneys' fees, Atlantic Medical Care, P.C., appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated April 20, 2023. The order granted the petition to the extent of remanding the matter to arbitration for further proceedings as set forth therein, and, in effect, denied the cross-petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, the cross-petition is granted, the award of the master arbitrator is confirmed, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees to be awarded to the appellant.
Atlantic Medical Care, P.C. (hereinafter the provider), is the assignee of a claim for no-fault benefits for treatment it rendered to Destiny Dixon after Dixon was involved in a car accident. After the petitioner, American Transit Insurance Company (hereinafter the insurer), denied the claim, the provider submitted the claim to arbitration. In an award dated April 18, 2022 (hereinafter the April 2022 award), the arbitrator awarded the provider the full amount of its claim. The insurer appealed, and in an award of a master arbitrator dated June 27, 2022 (hereinafter the master arbitrator's award), the master arbitrator confirmed the award.
The insurer commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The provider cross-petitioned to confirm the master arbitrator's award and for an award of reasonable attorneys' fees. In an order dated April 20, 2023, the Supreme Court granted the petition to the extent of remanding the matter to arbitration for the consideration of the effect of certain executive orders issued in connection with the COVID-19 pandemic and, in effect, denied the cross-petition. The provider appeals.
"[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). "A court reviewing the award [*2]of a master arbitrator is limited to the grounds set forth in CPLR article 75" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800, 802; see 11 NYCRR 65-4.10[h]). Significantly, a master arbitrator's determination is not subject to vacatur by the courts on the basis of an error of law, including, "'the incorrect application of a rule of substantive law,'" unless the master arbitrator's determination is irrational (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 802, quoting Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 534).
Here, regardless of any errors of law the arbitrator and master arbitrator made regarding burdens of proof, the master arbitrator's determination to affirm the April 2022 award to the provider was rationally based on the conclusion that Dixon's minor delay in providing the insurer with notice of the accident was reasonably justified because she was a passenger in the vehicle involved in the accident and, thus, was not making a claim to her own insurance company (see 11 NYCRR 65-3.5[l]). Because the master arbitrator's affirmance of the April 2022 award had a rational basis, and "'[i]t is not for the court to decide whether the master arbitrator erred in applying the applicable law,'" the petition to vacate the master arbitrator's award should have been denied and the master arbitrator's award confirmed (Matter of Allstate Ins. Co. v Westchester Med. Group, M.D., 125 AD3d 649, 650 [alterations and internal quotation marks omitted], quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 535; see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 802; Matter of Singh v Allstate Ins. Co., 137 AD3d 1046, 1047; Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C., 70 AD3d 1043, 1043-1044).
Further, the provider is entitled to an award of reasonable attorneys' fees (see 11 NYCRR 65-4.10[j][4]; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705). Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorneys' fees to be awarded to the provider (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 170 AD3d 1168; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court