Matter of American Tr. Ins. Co. v Suh

2026 NY Slip Op 03161

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of American Transit Insurance Company, respondent,

v

Jungman Michael Suh, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-02538, (Index No. 531397/22)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

Roman Kravchenko, Garden City, NY, for appellant.

Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated July 29, 2022, Jungman Michael Suh appeals from a judgment of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated September 29, 2023. The judgment granted the petition, denied the cross-petition, inter alia, to confirm the master arbitration award, and vacated the master arbitration award.

ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, that branch of the cross-petition which was to confirm the master arbitration award is granted, the master arbitration award is confirmed, and the matter is remitted to the Supreme Court, Kings County, for a determination with respect to those branches of the cross-petition which were for an award of reasonable attorney's fees, other fees, and costs and disbursements.

Jungman Michael Suh is the assignee of a claim for no-fault benefits for treatment he rendered to a patient who allegedly was involved in an automobile accident. After the petitioner, American Transit Insurance Company (hereinafter the insurer), denied the claim, Suh submitted the claim to arbitration. The arbitrator awarded Suh the full amount of the claim. The insurer appealed, and the master arbitrator affirmed the award. The insurer then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitration award. Suh cross-petitioned to confirm the master arbitration award and for an award of reasonable attorney's fees, other fees, and costs and disbursements. By judgment dated September 29, 2023, the Supreme Court granted the petition, denied the cross-petition, and vacated the master arbitration award. Suh appeals.

"[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). "A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis" (Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 832, 833; see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). A "master arbitrator's review power is broader than that of the courts' because it includes the power to review for errors of law" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800, [*2]802). By contrast, "courts 'generally will not vacate an arbitrator's award where the error claimed is the incorrect application of a rule of substantive law, unless it is so irrational as to require vacatur'" (id., quoting Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232).

Here, the master arbitrator's determination that the insurer's additional verification requests were improper and Suh's purported failure to comply with them was not a proper basis for denial of the claim was rational, supported by evidence, and not arbitrary and capricious. Thus, the master arbitrator's determination was not subject to vacatur by the courts (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 535; Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 833; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 802). Accordingly, the petition to vacate the master arbitration award should have been denied, that branch of the cross-petition which was to confirm the master arbitration award should have been granted, and the master arbitration award should have been confirmed.

We remit the matter to the Supreme Court, Kings County, for a determination with respect to those branches of the cross-petition which were for an award of reasonable attorney's fees, other fees, and costs and disbursements (see 11 NYCRR 65-4.10[j][4]; Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705).

Suh's remaining contention is without merit.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court