Matter of American Tr. Ins. Co. v Sovereign Med. Servs., P.C.
2026 NY Slip Op 03160
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of American Transit Insurance Company, respondent,
v
Sovereign Medical Services, P.C., etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-03979, (Index No. 514751/22)
Betsy Barros, J.P.
Paul Wooten
Janice A. Taylor
James P. McCormack, JJ.

Roman Kravchenko, Garden City, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated March 25, 2022, Sovereign Medical Services, P.C., appeals from a clerk's judgment of the Supreme Court, Kings County, entered April 18, 2024. The clerk's judgment, upon an order of the same court (Robin S. Garson, J.) dated July 6, 2023, granting the petition to vacate the master arbitration award and denying the cross-petition, inter alia, to confirm the master arbitration award, granted the same relief to the petitioner, denied the same relief to Sovereign Medical Services, P.C., and vacated the master arbitration award.
ORDERED that the clerk's judgment is reversed, on the law, with costs, the petition is denied, that branch of the cross-petition which was to confirm the master arbitration award is granted, the master arbitration award is confirmed, and the matter is remitted to the Supreme Court, Kings County, for a determination with respect to those branches of the cross-petition which were for an award of reasonable attorney's fees, other fees, and costs and disbursements.
Sovereign Medical Services, P.C. (hereinafter Sovereign), is the assignee of a claim for no-fault benefits. After the petitioner, American Transit Insurance Company (hereinafter the insurer), denied the claim, Sovereign submitted the claim to arbitration. The arbitrator awarded Sovereign the full amount of the claim. The insurer appealed, and the master arbitrator affirmed the award. The insurer then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitration award. Sovereign cross-petitioned to confirm the master arbitration award and for an award of reasonable attorney's fees, other fees, and costs and disbursements. In an order dated July 6, 2023, the Supreme Court granted the petition and denied the cross-petition. A clerk's judgment was entered April 18, 2024, granting the petition, denying the cross-petition, and vacating the master arbitration award. Sovereign appeals.
"[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). "A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis" (Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co., [*2]176 AD3d 832, 833; see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). A "master arbitrator's review power is broader than that of the courts' because it includes the power to review for errors of law" (Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d 800, 802). By contrast, "courts 'generally will not vacate an arbitrator's award where the error claimed is the incorrect application of a rule of substantive law, unless it is so irrational as to require vacatur'" (id., quoting Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232).
Here, the master arbitrator determined that the arbitrator properly applied the doctrine of collateral estoppel in concluding, based upon a prior arbitration determination, that the failure to comply with additional verification requests was not a valid basis for the insurer's denial of the claim. The master arbitrator's determination was rational, supported by evidence, and not arbitrary and capricious. Thus, the master arbitrator's determination was not subject to vacatur by the courts (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 535; Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 833; Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 176 AD3d at 802). Accordingly, the petition to vacate the master arbitration award should have been denied, that branch of the cross-petition which was to confirm the master arbitration award should have been granted, and the master arbitration award should have been confirmed.
We remit the matter to the Supreme Court, Kings County, for a determination with respect to those branches of the cross-petition which were for an award of reasonable attorney's fees, other fees, and costs and disbursements (see 11 NYCRR 65-4.6[h]; 11 NYCRR 65-4.10[j][4]; Matter of American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 236 AD3d 782, 783; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705).
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court