■ In the Matter of ERNEST AKERS, Appellant-Respondent,

v New York City Transit Authority, Respondent-Appellant. —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), entered November 30, 1989, as denied his petition and confirmed the award, and the cross-appeal is from so much of the same order as granted the petitioner leave to file an additional grievance relating to the alleged untimely issuance of the award.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the petitioner leave to file an additional grievance pertaining to the alleged untimely issuance of the arbitration award; as so modified, the order is affirmed, with costs to the New York City Transit Authority.

The petitioner was dismissed from his employment as a motorman with the New York City Transit Authority (hereinafter Transit Authority) after he tested positive for cocaine and after he failed to maintain proper attendance at a drug counselling program to which he was assigned. The record reveals in this respect that prior to his discharge, the petitioner had been placed on probation as a consequence of his inconsistent record in attending counselling. After being placed on probation, the petitioner was informed, and also acknowledged in writing, that he could be dismissed from the counselling program if he continued to miss meetings. Thereafter, and while still on probation, the petitioner was restored to duty and apparently ordered to report for work on October 15, 1988, which created a conflict with one of his scheduled drug counselling sessions. According to the petitioner, he contacted a drug counsellor with the program, informed him of the conflict, but was told in response that the session would not be rescheduled and that if the petitioner missed the meeting he would be discharged from the program. Notwithstanding the foregoing, the petitioner elected to report for work and did not attend the scheduled counselling session. The record further indicates that the petitioner failed to attend other meetings between October 15, 1988, and November 14, 1988. Subsequently, the petitioner was informed that he was not in compliance with the drug counselling program, and was dismissed from his employment. Thereafter, the petitioner sought review of his discharge by a contractual "tripartite arbitration board". The board rejected the petitioner's appeal, concluding, *inter alia,* that although the petitioner had been warned, upon penalty of dismissal, not to miss any more meetings, he nevertheless failed to appear at the Octo-

ber 15, 1988, meeting and did not attend meetings scheduled subsequent to that meeting.

The petitioner then commenced the within proceeding pursuant to CPLR article 75 to vacate the board's determination. The Supreme Court confirmed the board's award insofar as it related to the propriety of the petitioner's dismissal, but afforded the petitioner the opportunity to file an additional grievance with respect to the board's alleged failure to timely issue its determination within a 15-day contractual time period. The order appealed from should be modified so as to delete the provision which granted the petitioner leave to file an additional grievance concerning the timeliness of the board's award.

It is well settled that an arbitration award "may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (see, Matter of Town of Callicoon [Civil Serv. Employees Assn., Town of Callicoon Unit], 70 NY2d 907, 909; Morgan Guar. Trust Co. v Solow, 68 NY2d 779, 781; Matter of Silverman [Benmor Coats], 61 NY2d 299, 308; J.J.K Constr. v Rosenberg, 141 AD2d 507). Contrary to the petitioner's contentions, we discern no infirmity in the arbitration award issued by the tripartite arbitration board (see, Lentine v Fundaro, 29 NY2d 382; see also, Matter of Marfrak Realty Corp. v Samfred Realty Corp., 140 AD2d 524, 525). The board's decision to discredit the petitioner's assertions with regard to his failure to attend drug counselling sessions can in no sense be described as irrational. A review of the record discloses that the arbitration board was fully aware of the petitioner's allegation that he was unfairly subjected to conflicting work and counselling obligations and permissibly rejected the petitioner's argument. The board was not required to adopt the petitioner's self-serving explanations for his failure to attend the October 15 meeting. Moreover, the board concluded that the petitioner had not only failed to attend the October 15 meeting, but had also failed to attend several other meetings. Finally, while the board apparently failed to adhere to the contractual time limitation for issuing an arbitration award, there was no prejudice to the petitioner as a result of the delay and we decline to vacate the award on this ground (see, CPLR 7511 [b] [1]; Matter of Rockland Community Coll. Fedn. of Teachers v Board of Trustees, 142 AD2d 732). In light of the foregoing, we conclude that the petitioner is not entitled to file an additional grievance as to the alleged untimely issuance of the award.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.