The stipulation of settlement between the parties only obligated the petitioners to restore Augustine Barry's house to the condition it was in prior to the commencement of the petitioners' nearby construction project. As a result, the Supreme Court properly denied his motion to compel the petitioners to make further repairs pursuant to the stipulation until after resolution of all of the causation issues in a related tort action commenced by Barry against the petitioners (*see, Villatoro v Talt,* 269 AD2d 390; *288/98 W. End Tenants Corp. v Mosesson,* 144 AD2d 305; *Consolidated Rail Corp. v Industrial Scrap Processing Corp.,* 97 AD2d 532; *see also, Ehrenpreis v Klein,* 260 AD2d 532; *Terranova v Secured Capital Corp.,* 250 AD2d 835). Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.

■ In the Matter of CRAIG S. COVINO, Appellant, v DONALD F. KANE, as Commissioner of Police of Police Department of Nassau County, et al., Respondents. [710 NYS2d 600] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Police of the Police Department, County of Nassau, dated January 4, 1999, which, after a hearing, found the petitioner guilty of violating seven departmental rules and regulations and imposed discipline, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated May 28, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was timely served with charges and specifications alleging violations of the rules and regulations of the respondent Nassau County Police Department (hereinafter the Police Department). After a hearing conducted in September 1998, the Hearing Officer, in a memorandum dated November 20, 1998, recommended that the petitioner be found guilty of each of the charges. In January 1999 the respondent Commis-

sioner of Police of the Police Department, Nassau County (hereinafter the Commissioner), imposed penalties based upon those findings and recommendations.

The petitioner commenced this proceeding pursuant to CPLR article 78 in February 1999, alleging, *inter alia*, that the Commissioner breached a provision of section 6.3-1 of the collective bargaining agreement between the Police Department and the petitioner's union by failing to timely determine the petitioner's guilt and impose punishment. That section provides, *inter alia*, that a "determination as to guilt or innocence and punishment, if any, shall be made within sixty (60) days after the hearing is concluded unless an employee or the [Superior Officers Association] consents to a longer period."

In a judgment dated May 28, 1999, the Supreme Court, Nassau County, denied the petition and dismissed the proceeding, holding, *inter alia*, that in the absence of "specific language barring further action, an employer's failure to act within the time frame contemplated in a collective bargaining agreement does not preclude further action by the employer."

We agree. This Court, in interpreting analogous contractual provisions, has repeatedly held that, in the absence of prejudice, failure to timely render a determination pursuant to the terms of the parties' contract does not warrant vacatur of the determination (*see, Matter of Security Unit Empls. v State of New York Dept. of Correctional Servs.,* 236 AD2d 546; *Matter of Akers v New York City Tr. Auth.,* 172 AD2d 749; *Matter of Rockland Community Coll. Fedn. of Teachers v Board of Trustees,* 142 AD2d 732). O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.