1202

In the Matter of the Arbitration between CITY OF BUF-FALO, Appellant, and BUFFALO POLICE BENEVOLENT ASSOCIATION, Respondent. [786 NYS2d 789]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered September 4, 2003 in a proceeding pursuant to CPLR article 75. The order denied the petition and confirmed an arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, City of Buffalo (City), commenced this CPLR article 75 proceeding seeking to vacate an arbitration award ordering the City to rescind the termination of a police officer and to reinstate her to the rolls of the Buffalo Police Department. We conclude that Supreme Court correctly denied the petition. Ordinarily, the mere failure to submit a transcript of the proceedings, as here, requires that we affirm the order of the court regardless of the merits of the contentions raised in the petition (see e.g. Matter of Military Contrs., Inc. [Marrano/Marc Equity Corp.], 2 AD3d 1382 [2003]; Matter of F.X. Caprara Auto Sales [Wilcox], 288 AD2d 955 [2001]). To the extent that the City raises purely legal contentions, we will address the merits of those contentions.

Contrary to the contention of the City, we conclude that an arbitration award is not subject to vacatur on the ground that the award was based on a " 'manifest disregard of the law' " (Matter of Banc of Am. Sec. v Knight, 4 Misc 3d 756, 758 [2004]; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]; cf. Halligan v Piper Jaffray, Inc., 148 F3d 197, 202 [1998], cert denied 526 US 1034 [1999]). Rather, only where a mistake of law rendered the award totally irrational or in violation of a strong public policy will such a mistake be grounds for vacatur (see Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 155 [1995]).

Contrary to the further contention of the City, we conclude that the arbitrator correctly applied the elements of equitable

estoppel to the City's determination (*see generally Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *cf. Reis v Manhattan & Bronx Surface Tr. Operating Auth.*, 161 AD2d 288 [1990], *lv denied* 76 NY2d 707 [1990]). We further conclude that the arbitrator, in determining that the decision to terminate the officer in this instance was arbitrary and capricious, did not effectively delete the provision of the collective bargaining agreement affording the City discretion in deciding whether to terminate an officer for absences without leave. By analogy, we note that the standard of review for a discretionary administrative determination in a CPLR article 78 proceeding is whether the determination was arbitrary and capricious (*see e.g. Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]). Finally, we conclude that there is no evidence in the record to establish that reinstatement of the officer would violate a strong public policy. Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.