# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1095**
**CA 14-02006**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

ANTONIA BARONE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES D. HASKINS, COMMONWEALTH EQUITY
SERVICES, INC., DOING BUSINESS AS COMMONWEALTH
FINANCIAL NETWORK, DEFENDANTS-APPELLANTS,
LINCOLN NATIONAL CORPORATION, ET AL., DEFENDANTS.

---

PADUANO & WEINTRAUB LLP, NEW YORK CITY (KATHERINE B. HARRISON OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

JOHN J. FLAHERTY, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Henry J.
Nowak, Jr., J.), entered October 17, 2014. The order denied the
motion of defendants James D. Haskins and Commonwealth Equity
Services, Inc., doing business as Commonwealth Financial Network, to
compel arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Supreme Court, Erie County, for further proceedings in
accordance with the following memorandum: Plaintiff commenced this
action alleging fraud, negligence, breach of contract, breach of
fiduciary duty, and violations of the General Business Law. James D.
Haskins and Commonwealth Equity Services, Inc., doing business as
Commonwealth Financial Network (defendants), brought a motion seeking,
inter alia, to compel arbitration pursuant to CPLR 7503 (a). We
conclude that Supreme Court properly determined that *Matter of Brady v
Williams Capital Group, L.P.* (14 NY3d 459) applies in the
financial/investment industry context (*see generally Green Tree Fin.
Corp.—Alabama v Randolph*, 531 US 79, 88-91). We further conclude,
however, that the court erred in denying the motion to compel
arbitration on the ground that arbitration in this case would be
financially prohibitive to plaintiff without first directing plaintiff
to apply for a waiver of the arbitration fee charged by the Financial
Industry Regulatory Authority. We therefore reverse the order and
remit the matter to Supreme Court for that purpose before deciding the
motion pursuant to the factors set forth in *Brady* (*id.* at 467).

Entered:  October 9, 2015                      Frances E. Cafarell
                                               Clerk of the Court