# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1236**
**CA 14-02021**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

FRANCES A. MARIGLIO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

BERTHEL FISHER & COMPANY FINANCIAL SERVICES, INC.,
AND THOMAS J. BERTHEL, DEFENDANTS-RESPONDENTS.

---

JOANNE A. SCHULTZ, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT.

BOND SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL),
AND ANTHONY OSTLUND BAER & LOUWEGIE P.A., MINNEAPOLIS, MINNESOTA, FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 26, 2014. The order, inter alia, granted defendants' cross motion to compel arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, granted defendants' cross motion to compel arbitration, contending that Supreme Court erred in determining that she failed to demonstrate that she is unable to bear the costs of arbitration. As a preliminary matter, we note that plaintiff failed to apply for a waiver of the arbitration fee charged by the Financial Industry Regulatory Authority, which is a prerequisite for avoidance of arbitration on the ground that it would be financially prohibitive (*see Barone v Haskins*, ___ AD3d ___, ___ [Oct. 9, 2015]). In any event, we reject plaintiff's contention. The party seeking to "invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs" (*Green Tree Fin. Corp.–Alabama v Randolph*, 531 US 79, 92; *see Brady v Williams Capital Group, L.P.*, 14 NY3d 459, 466), and the test for determining whether arbitration is prohibitively expensive in a particular case requires an examination of, among other factors, the cost differential between arbitration and litigation, and whether that differential "is so substantial as to deter the bringing of claims in the arbitral forum" (*Brady*, 14 NY3d at 467). Here, plaintiff submitted no evidence concerning the cost of litigating her claims in court, and she thus failed to meet her burden in opposition to defendants' cross motion.

We have reviewed plaintiff's remaining contentions and conclude

that they lack merit.

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court