In the Matter of the Arbitration Between LACKAWANNA PROFESSIONAL FIRE FIGHTERS ASSOCIATION, LOCAL 3166, IAFF, AFL-CIO, Appellant, and CITY OF LACKAWANNA et al., Respondents. (Proceeding No. 1.) In the Matter of the Arbitration Between CITY OF LACKAWANNA, Respondent, and LACKAWANNA PROFESSIONAL FIRE FIGHTERS ASSOCIATION, LOCAL 3166, IAFF, AFL-CIO, Appellant. (Proceeding No. 2.) [68 NYS3d 263]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered March 9, 2016. The order denied the petition of petitioner-respondent to confirm an arbitration award and granted the petition of respondent-petitioner to vacate the award.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition of petitioner-respondent is granted, the petition of respondent-petitioner City of Lackawanna is denied, and the arbitration award is confirmed.

Memorandum: In these CPLR article 75 proceedings, petitioner-respondent, Lackawanna Professional Fire Fighters Association, Local 3166, IAFF, AFL-CIO (petitioner), appeals from an order denying its petition to confirm an arbitration award and granting the petition of respondent-petitioner City of Lackawanna (respondent) to vacate the award.

This case arose from a dispute over the terms of the collective bargaining agreement (CBA) between the parties. Article XV of the CBA pertains to health insurance. Section 1 of that article provides that, "on behalf of each full-time bargaining unit employee who is eligible for and elects coverage, [respondent] will contribute for family or single coverage, as applicable," under a certain health maintenance organization (HMO) or its equivalent. Section 2 of that article provides that "employees hired after August 1, 1994, will pay fifteen (15%) percent of the premium of selected coverage." Article XVI of the CBA pertains to retirement benefits and provides that respondent will "provide complete medical insurance coverage in the form of HMO's offered to an active employee for all hereafter retiring." Article XVI does not contain any terms with respect to contribution. With respect to the arbitration procedure agreed-upon by the parties, article XVIII confers upon an arbitrator the authority to apply the CBA's provisions, but prohibits him or her from amending, modifying, or deleting its provisions.

The grievant herein retired in 2014, thus becoming the first of petitioner's members hired after August 1, 1994 to retire. After his retirement, respondent continued to require him to contribute 15% of the premium for his health insurance pursuant to article XV, section 2 of the CBA. Petitioner filed a grievance on his behalf and contended that the contribution requirements set forth in the CBA pertain only to active employees, not retirees. The grievance proceeded to arbitration. The arbitrator ultimately concluded that the CBA provided retirees with " 'complete' " health insurance coverage and did not require them to contribute a percentage toward their premiums. Applying well-established canons of contract interpretation, the arbitrator reasoned that the absence of a provision in article XVI requiring contribution meant that retirees were not subject to the contribution requirements.

Supreme Court vacated the arbitration award on the ground that the arbitrator exceeded her authority. The court reasoned that the arbitrator did not properly interpret the CBA, and thus "effectively amended" it. That was error. "It is well settled that judicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]; *see Schiferle v Capital Fence Co., Inc.*, 155 AD3d 122, 125 [4th Dept 2017]). The court must vacate an arbitration award where the arbitrator exceeds a limitation on his or her power as set forth in the CBA (*see* CPLR 7511 [b] [1] [iii]; *Schiferle*, 155 AD3d at 122). The court,

however, lacks the authority to "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 83 [2003] [internal quotation marks omitted]).

Here, the arbitrator merely interpreted and applied the provisions of the CBA, as she had the authority to do. The court is powerless to set aside that interpretation merely because the court disagrees with it, and we may not countenance such an action. In any event, we conclude that the plain language of the CBA supports the arbitrator's reasoning. Article XV, section 1 establishes the form of the health insurance offered to active employees. Article XV, section 2 establishes the proportion of the cost for which active employees are responsible. Article XVI provides that retirees are entitled to "complete . . . coverage in the form of HMO's offered to active employees." Nothing in the CBA suggests that the contribution requirement applies to retirees so as to render that language ambiguous. If the parties had wished to create such a requirement, they could have done so. Indeed, the record establishes that respondent previously proposed adding such a requirement to the CBA, but that proposal was rejected through collective bargaining. By vacating the arbitration award, the court effectively amended the CBA by adding a provision that the parties previously declined to adopt. We therefore reverse the order, grant the petition to confirm the arbitration award, deny the petition to vacate the award, and confirm the award. Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.