Matter of Town of Greece Guardians' Club, Local 1170 (Town of Greece) (2018 NY Slip Op 08775)





Matter of Town of Greece Guardians' Club, Local 1170 (Town of Greece)


2018 NY Slip Op 08775


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


981 CA 18-00253

[*1]IN THE MATTER OF ARBITRATION BETWEEN TOWN OF GREECE GUARDIANS' CLUB, LOCAL 1170, COMMUNICATION WORKERS OF AMERICA, PETITIONER-APPELLANT, AND TOWN OF GREECE, RESPONDENT-RESPONDENT.






CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN JOHNSEN OF COUNSEL), FOR PETITIONER-APPELLANT.
HARRIS BEACH PLLC, PITTSFORD (KARLEE S. BOLANOS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered April 14, 2017 in a proceeding pursuant to CPLR article 75. The order and judgment denied the petition to confirm an arbitration award and granted respondent's cross petition to vacate the arbitration award. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is granted, the cross petition is denied and the arbitration award is confirmed.
Memorandum: In this proceeding pursuant to CPLR article 75, petitioner seeks a judgment confirming an arbitration award that, inter alia, determined that respondent improperly terminated an employee (grievant) and directed respondent to reinstate the grievant with back pay and benefits. We agree with petitioner that Supreme Court erred in denying its petition and granting respondent's cross petition to vacate the award. We therefore reverse the order and judgment, grant the petition, deny the cross petition, and confirm the award.
The grievant was employed by respondent as a school crossing guard. Petitioner is her union. The collective bargaining agreement (CBA) between petitioner and respondent contains a management rights provision that includes the right "to suspend, dismiss, [or] discharge for cause." In April 2015, respondent's chief of police called the grievant to a meeting in his office and promptly terminated her for misconduct without providing her with prior notice of the charges against her. The chief of police testified at the arbitration hearing that he made the decision to terminate her before meeting with her. Notably, respondent concedes that the grievant was entitled to notice and a hearing pursuant to Civil Service Law § 75, and that it failed to comply with that statute.
In his opinion and award, the arbitrator noted that the CBA allowed respondent to terminate the grievant "for cause," which is synonymous with the term "just cause," and that just cause encompasses some degree of due process. The arbitrator, however, determined that the grievant's termination fell short of the requirements of due process. First, the termination letter that the chief of police provided to the grievant at their meeting was broadly worded and failed to provide her with notice of the charges against her. Second, the grievant was not given an opportunity to respond to the charges of misconduct before the chief of police made the decision to terminate her. Third, the chief of police did not conduct a full and fair investigation inasmuch as he failed to interview a key witness to the alleged misconduct, the grievant herself. For those reasons, the arbitrator concluded that the grievant "was not provided even rudimentary due [*2]process therefore her termination must be found to be without just cause," and sustained petitioner's grievance.
"It is well settled that judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO [City of Lackawanna], 156 AD3d 1406, 1407 [4th Dept 2017]). Indeed, "an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; see Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1121 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). Such rulings are reviewable only pursuant to CPLR 7511 (b), which states in relevant part: "The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by . . . an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010]). "[A]n arbitrator exceed[s] his [or her] power' under the meaning of the statute where his [or her] award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Kowaleski, 16 NY3d at 90; see Matter of Town of Tonawanda [Town of Tonawanda Salaried Workers Assn.], 160 AD3d 1477, 1477 [4th Dept 2018], lv denied 32 NY3d 908 [2018]).
"Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact' " (Kowaleski, 16 NY3d at 91; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City Sch. Dist. of City of N.Y., 1 NY3d 72, 83 [2003]). "An arbitrator is not bound by principles of substantive law or rules of evidence, and may do justice and apply his or her own sense of law and equity to the facts as he or she finds them to be" (Matter of NFB Inv. Servs. Corp. v Fitzgerald, 49 AD3d 747, 748 [2d Dept 2008]). The court lacks the power to review the legal merits of the award, or to substitute its own judgment for that of the arbitrator, "simply because it believes its interpretation would be the better one" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]).
Here, the court erred in vacating the award on the ground that the arbitrator exceeded a limitation on his power when he determined that the grievance was arbitrable. Even if the court is correct that the issue of arbitrability was not before the arbitrator, respondent conceded on appeal that the grievance was arbitrable. Thus, even assuming, arguendo, that the arbitrator exceeded a limitation on his power, we conclude that respondent was not prejudiced by his determination. Absent a showing of prejudice, the court lacks the authority to vacate an arbitration award where, as here, the matter is before the court on the application of a party who participated in the arbitration (see Matter of Akers v New York City Tr. Auth., 172 AD2d 749, 751 [2d Dept 1991], citing CPLR 7511 [b] [1]).
Furthermore, we note that, although petitioner neglected to commence a proceeding pursuant to CPLR article 78 to prosecute any claims based on violations of the grievant's statutory right to due process (see Civil Service Law § 75; see e.g. Matter of Michel v City of Lackawanna, 159 AD3d 1555, 1555 [4th Dept 2018]), respondent removed any impediment to the arbitrator's review of alleged violations of the grievant's contractual right to due process by conceding that the grievance was arbitrable.
The court also erred insofar as it vacated the award on the ground that the arbitrator exceeded a limitation on his power by adding a substantive provision that was not included in the CBA (see generally Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City Sch. Dist. of City of Buffalo, 50 AD3d 1503, 1506 [4th Dept 2008], lv denied 11 NY3d 708 [2008]). The court noted, in particular, "the absence of a stand-alone article [in the CBA] pertaining to employee discipline." It does not necessarily follow, however, that management's right to discipline petitioner's members is entirely unrestrained by the CBA. The "for cause" language contained in the management rights provision expressly circumscribed respondent's right to discipline or discharge the grievant. The arbitrator interpreted that language, consistent with [*3]arbitral precedent, as incorporating a just cause standard that encompasses a right to due process. We thus conclude that "the arbitrator merely interpreted and applied the provisions of the CBA, as [he] had the authority to do" (Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO, 156 AD3d at 1408; see Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME, AFL-CIO [County of Albany], 63 NY2d 654, 656 [1984]).
The court further erred in determining that the award is irrational. "An award is irrational if there is no proof whatever to justify the award" (Matter of Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of School Adm'rs [Board of Educ. of City School Dist. of Buffalo], 75 AD3d 1067, 1068 [4th Dept 2010] [internal quotation marks omitted]). The court must confirm the award, however, where "the arbitrator offer[ed] even a barely colorable justification for the outcome reached' " (Wien & Malkin LLP, 6 NY3d at 479; see Town of Tonawanda Salaried Workers Assn., 160 AD3d at 1477). The arbitrator issued a thoughtful, well-reasoned opinion and award, which he based on the hearing testimony of the chief of police and the undisputed evidence in the record. We therefore conclude that the award is not irrational.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court