Barone v Haskins (2021 NY Slip Op 02686)





Barone v Haskins


2021 NY Slip Op 02686


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


902 CA 19-02021

[*1]ANTONIA BARONE, PLAINTIFF-APPELLANT,
v
JAMES D. HASKINS, COMMONWEALTH EQUITY SERVICES, INC., DOING BUSINESS AS COMMONWEALTH FINANCIAL NETWORK, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






JOANNE A. SCHULTZ, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT. 
PADUANO & WEINTRAUB LLP, NEW YORK CITY (KATHERINE B. HARRISON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered October 18, 2019. The order denied the motion of plaintiff to vacate an arbitration award and granted the cross motion of defendants-respondents to confirm the award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging fraud, negligence, breach of contract, breach of fiduciary duty, and violations of the General Business Law. James D. Haskins and Commonwealth Equity Services, Inc., doing business as Commonwealth Financial Network (defendants), brought a motion seeking, inter alia, to compel arbitration pursuant to CPLR 7503 (a). On a prior appeal, we concluded that Supreme Court erred in denying the motion to compel arbitration on the ground that arbitration in this case would be financially prohibitive to plaintiff without first directing plaintiff to apply for a waiver of the arbitration fee charged by the Financial Industry Regulatory Authority (FINRA) (Barone v Haskins, 132 AD3d 1422, 1423 [4th Dept 2015]). We therefore reversed the order and remitted the matter to Supreme Court for that purpose (id.). Upon remittal, plaintiff brought a motion to, inter alia, apply this Court's directive. Plaintiff argued that she had complied with this Court's decision by applying for a waiver and that, because a full waiver was not granted, the court should proceed with trial. During motion practice, however, defendants agreed to pay any and all fees assessed by FINRA. Thereafter, the court denied plaintiff's motion to, inter alia, apply this Court's directive, and determined that, in light of defendants' agreement to pay any fees imposed on plaintiff by FINRA, it was not necessary to address whether the steps that plaintiff had already taken would satisfy this Court's directive. The court further noted that "plaintiff clearly cannot satisfy the [relevant] criteria . . . required for proceeding in Supreme Court and she must now submit her claims against . . . defendants through FINRA." Plaintiff did not take an appeal from the ensuing order (April 2017 order), which directed that plaintiff's claims proceed through FINRA. The matter proceeded to arbitration and the arbitration panel, inter alia, denied all of plaintiff's claims and assessed all fees to defendants. Plaintiff then moved pursuant to CPLR 7511 to vacate the arbitration award, and defendants cross-moved pursuant to CPLR 7510 to confirm the arbitration award. Plaintiff now appeals from an order (October 2019 order) that denied plaintiff's motion to vacate and granted defendants' cross motion to confirm.
We note, initially, that this appeal does not bring up for our review the April 2017 order, which effectively compelled arbitration (see generally Matter of Sanders Constr. Corp. [Becker], 292 AD2d 155, 155 [3d Dept 2002], lv denied 98 NY2d 614 [2002]; Matter of Allstate Ins. Co. [*2][Schlueter] [appeal No. 2], 267 AD2d 1098, 1099 [4th Dept 1999]; Matter of Morrow [Paragon Enters.], 135 AD2d 931, 932 [3d Dept 1987]). Consequently, the only contentions properly before us are those relating to the October 2019 order.
Contrary to plaintiff's contention, the court properly denied her motion to vacate and properly granted defendants' cross motion to confirm. Preliminarily, we reject plaintiff's contention that this case should be reviewed pursuant to a standard of review applicable where compulsory arbitration is provided by statute. Plaintiff was not compelled statutorily to arbitrate. Rather, she was compelled to arbitrate based on contract (see Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 507 [1970], rearg denied 27 NY2d 737 [1970]; see also Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 45-46 [2d Dept 2015]).
"Courts are bound by an arbitrator's factual findings," and a court may not "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes that its interpretation would be the better one" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006], cert dismissed 548 US 940 [2006]). Indeed, even where an arbitrator makes errors of law or fact, "courts will not assume the role of overseers to conform the award to their sense of justice" (New York State Correctional Officers & Police Benevolent Assn., 94 NY2d at 326; see Wien & Malkin LLP, 6 NY3d at 479-480).
Although "judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP, 6 NY3d at 479), a court may vacate an arbitrator's award where it finds that the rights of a party were prejudiced when "an arbitrator . . . exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]). An arbitrator exceeds his or her power only where his or her award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see Falzone, 15 NY3d at 534; Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]). An award is "irrational" where "there is no proof whatever to justify the award" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013] [internal quotation marks omitted]). Where, however, "an arbitrator offer[s] even a barely colorable justification for the outcome reached, the arbitration award must be upheld" (id. [internal quotation marks omitted]).
While " 'courts are obligated to give deference to the decision of the arbitrator . . . even if the arbitrator misapplied the substantive law' " (Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 125 [4th Dept 2017]), an arbitrator can exceed his or her power when he or she "manifestly disregard[s]" the substantive law applicable to the parties' dispute (Wien & Malkin LLP, 6 NY3d at 481). "To modify or vacate an award on the ground of manifest disregard of the law, a court must find both that (1) the arbitrator[] knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator[] was well defined, explicit, and clearly applicable to the case" (Schiferle, 155 AD3d at 127 [internal quotation marks omitted]). Finally, " 'it is well established that an arbitrator's failure to set forth his [or her] findings or reasoning does not constitute a basis to vacate an award' " (Whitney v Perrotti, 164 AD3d 1601, 1602-1603 [4th Dept 2018]).
Here, upon our application of the above-referenced legal principles, we conclude that there is a colorable justification for the award rendered by the arbitration panel, and thus the award cannot be said to be irrational (see id. at 1602). We have reviewed plaintiff's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court