Matter of Gerber v Goldberg Segalla LLP (2021 NY Slip Op 06241)





Matter of Gerber v Goldberg Segalla LLP


2021 NY Slip Op 06241


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.


784 CA 20-01590

[*1]IN THE MATTER OF DANIEL W. GERBER, FRANK J. CIANO, WILLIAM G. KELLY, PAUL S. DEVINE, JOHN J. JABLONSKI AND DENNIS J. BRADY, PETITIONERS-APPELLANTS,
v
GOLDBERG SEGALLA LLP, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






VAHEY LAW OFFICES, PLLC, ROCHESTER (LAURIE A. VAHEY OF COUNSEL), FOR PETITIONERS-APPELLANTS.
WEBSTER SZANYI LLP, BUFFALO (KEVIN A. SZANYI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered November 2, 2020. The judgment, among other things, confirmed the arbitration award. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners are former equity partners of respondent law firm. In 2015, they executed a Partnership Agreement (PA), which contained a withdrawal provision providing that the withdrawal of an equity partner extinguished that partner's interest in the partnership and his or her rights to receive a return of capital. The withdrawal provision further provided that, if a client wished to remain with the withdrawing partner, the withdrawing partner was required to reimburse respondent for all unpaid costs advanced and all unpaid services expended with respect to the matter.
Upon their departure from respondent to begin a new practice, petitioners demanded arbitration, seeking rescission of the PA on the grounds that it was the product of the firm's wrongful acts and that the withdrawal provision violated public policy. Following a hearing, the panel of arbitrators concluded that the PA was valid and enforceable and was consistent with controlling New York law and policy.
Petitioners thereafter commenced this CPLR article 75 proceeding, seeking, inter alia, to vacate the arbitration award on the grounds that it violated public policy and disregarded the law. In appeal No. 1, petitioners appeal from an order that denied their motion seeking, inter alia, to vacate the arbitration award. In appeal No. 2, petitioners appeal from a judgment that, among other things, confirmed the arbitration award. In appeal Nos. 3 and 4, petitioners appeal from statements of judgment directing petitioners to pay respondent amounts granted in the arbitration award on respondent's counterclaim, plus costs. As an initial matter, we dismiss the appeal from the order in appeal in No. 1 inasmuch as that order was subsumed in the judgment in appeal No. 2 (see Matter of O'Connell [State Farm Mut. Auto. Ins. Co.], 187 AD3d 1630, 1631 [4th Dept 2020]; Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; see also CPLR 5501 [a] [1]). We affirm in appeal Nos. 2, 3, and 4.
"Arbitration is a creature of contract, and arbitrators draw their powers from the consent of the arbitrants, not from the sovereignty of the State. It is thus 'well settled that judicial review of arbitration awards is extremely limited' " (Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 125 [4th Dept 2017]; see Matter of Lackawanna Professional Fire Fighters Assn., Local 3166, [*2]IAFF, AFL-CIO [City of Lackawanna], 156 AD3d 1406, 1407 [4th Dept 2017]). CPLR 7511 (b) (1) (iii) permits vacatur of an award where, among other things, the arbitrator exceeds his or her power. As relevant here, an arbitrator "exceed[s] his [or her] power under the meaning of the statute where his [or her] award violates a strong public policy" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010] [internal quotation marks omitted]) or where the arbitrator " 'manifestly disregard[s]' the substantive law applicable to the parties' dispute" (Barone v Haskins, 193 AD3d 1388, 1391 [4th Dept 2021], appeal dismissed 37 NY3d 1032 [2021]). Petitioners have the burden to establish that the arbitration award should be vacated (see Caso v Coffey, 41 NY2d 153, 159 [1976]).
Petitioners argue that, because the withdrawal provision of the PA violates "the twin public policies" of attorney mobility and client choice as found in case law (see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 380-381 [1993]; Cohen v Lord, Day & Lord, 75 NY2d 95, 98 [1989]) and rule 5.6 (a) (1) of the Rules of Professional Conduct (22 NYCRR 1200.00), the award upholding that provision violates public policy and should be vacated. We reject that contention and conclude that the arbitration award on its face does not violate public policy (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 600 [1st Dept 2012]; see generally Schiferle, 155 AD3d at 126; cf. Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d 1386, 1389-1392 [3d Dept 2017]), i.e., it does not "create[] an explicit conflict with other laws and their attendant policy concerns" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999] [emphasis omitted]). We further conclude that, contrary to petitioners' contention, the arbitration award is not subject to vacatur on the ground that it was based on a "manifest disregard of the law" (Matter of City of Buffalo [Buffalo Police Benevolent Assn.], 13 AD3d 1202, 1202 [4th Dept 2004] [internal quotation marks omitted]).
In light of our determination, we do not address petitioners' remaining contentions.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court