Matter of Syracuse Firefighters Assn. v City of Syracuse (2023 NY Slip Op 00573)

Matter of Syracuse Firefighters Assn. v City of Syracuse

2023 NY Slip Op 00573

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

922 CA 22-00854

[*1]SYRACUSE FIREFIGHTERS ASSOCIATION, LOCAL 280 IAFF, AFL-CIO, CLC, PETITIONER-RESPONDENT, AND
v
CITY OF SYRACUSE, RESPONDENT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (LIZA R. MAGLEY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
BLITMAN & KING LLP, SYRACUSE (NATHANIEL G. LAMBRIGHT OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered January 12, 2022 in a proceeding pursuant to CPLR article 75. The order and judgment confirmed an arbitration award. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 75 proceeding, respondent appeals from an order and judgment that, inter alia, granted petitioner's petition to confirm an arbitration award and, in effect, denied respondent's cross motion to vacate the award. We affirm.
"It is well settled that judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 125 [4th Dept 2017]). As relevant here, "CPLR 7511 (b) (1) (iii) permits vacatur of an award where . . . the arbitrator exceeds his or her power." "An arbitrator exceeds his or her power . . . where his or her award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Barone v Haskins, 193 AD3d 1388, 1390 [4th Dept 2021], appeal dismissed 37 NY3d 1032 [2021], lv denied 37 NY3d 919 [2022]; see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]), such as "exceed[ing] a limitation on his or her power as set forth in [a collective bargaining agreement]" (Matter of Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO [City of Lackawanna], 156 AD3d 1406, 1407 [4th Dept 2017]). A court lacks the authority, however, to "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator[, even if] it believes its interpretation would be the better one" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL—CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 83 [2003] [internal quotation marks omitted]).
Here, contrary to respondent's contention, the arbitrator merely interpreted and applied the provisions of the relevant collective bargaining agreement (CBA), as she had the authority to do (see Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO, 156 AD3d at 1408). We are powerless to set aside that interpretation even if we disagree with it (see id.). In any event, we conclude that the plain language of the CBA supports the arbitrator's interpretation.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court