Matter of Local 32, Intl. Assn. of Fire Fighters, A.F.L.-C.I.O.-C.L.C. (City of Utica) (2024 NY Slip Op 04878)

Matter of Local 32, Intl. Assn. of Fire Fighters, A.F.L.-C.I.O.-C.L.C. (City of Utica)

2024 NY Slip Op 04878

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

647 CA 23-01601

[*1]LOCAL 32, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, A.F.L.-C.I.O.-C.L.C., UTICA PROFESSSIONAL FIRE FIGHTERS' ASSOCIATION, PETITIONER-APPELLANT, AND CITY OF UTICA, RESPONDENT-RESPONDENT.

GLEASON, DUNN, WALSH & O'SHEA, ALBANY (KELSEY ANNE SHAFFER OF COUNSEL), FOR PETITIONER-APPELLANT. 
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (JOSEPH V. MCBRIDE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Mark R. Rose, J.), entered August 23, 2023, in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, denied in part the petition seeking to confirm an arbitration award. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is granted in its entirety and the arbitration award is confirmed in its entirety.
Memorandum: In this proceeding pursuant to CPLR article 75, petitioner appeals from an order insofar as it denied in part petitioner's petition seeking to confirm an arbitration award sustaining a grievance petitioner filed with respect to respondent's handling of certain requests for emergency leave under the parties' collective bargaining agreement (CBA).
The emergency leave provision of the CBA provides that "[e]mergency leave shall be granted during a member's tour of duty in the event of an unexpected serious illness of his wife, child, father, mother, brother, sister, mother-in-law, or father-in-law. The member shall make every effort to return to duty as soon as possible." A separate provision of the CBA provides that, where a grievance is settled by arbitration, the decision of the arbitrator "shall be final, conclusive and binding upon all parties" and "the arbitrator shall be strictly limited to the application and interpretation of the specific provision of the [CBA] and may not add to, modify or otherwise deviate from those provisions."
As relevant to this appeal, two firefighters requested emergency leave to attend to family emergencies. At the time each firefighter learned of the emergency, he was off duty but was scheduled to report for duty the following day. Thus, each firefighter's request for emergency leave was made prior to his tour of duty. Although each firefighter was excused from the next day's tour of duty, respondent ultimately charged the missed time against the firefighter's compensatory time, rather than treating it as paid emergency leave, inasmuch as the requests were not made during the firefighter's tour of duty. The arbitrator concluded that nothing in the language of the emergency leave provision required that the emergency leave request be made during the member's tour of duty. Rather, the use of the phrase "during a member's tour of duty" in the CBA's emergency leave section was meant to allow the member to leave or miss work to attend to a family emergency, and the phrase thus addressed the period of time when the leave must be taken, not when the request must be made. The arbitrator determined, inter alia, that the [*2]firefighters were entitled to paid emergency leave for the time in question and directed respondent to restore the charged compensatory time.
Supreme Court denied the petition to the extent that it sought to confirm the arbitrator's determination that the two firefighters were entitled to paid emergency leave, concluding that the arbitrator's grant of an emergency leave request that was made prior to a firefighter's tour of duty added a new clause or term to the CBA in violation of the limits placed on the arbitrator's authority in the CBA. We reverse.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO [City of Lackawanna], 156 AD3d 1406, 1407 [4th Dept 2017]). "The court must vacate an arbitration award where the arbitrator exceeds a limitation on his or her power as set forth in the CBA" (Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO, 156 AD3d at 1407; see CPLR 7511 [b] [1] [iii]). The court, however, lacks the authority to "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of United Fedn. of Teachers, Local 2, AFT, AFL—CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 83 [2003] [internal quotation marks omitted]).
Here, the arbitrator merely interpreted and applied the provisions of the relevant CBA, as he had the authority to do (see Matter of Syracuse Firefighters Assn., Local 280, IAFF, AFL-CIO, CLC [City of Syracuse], 213 AD3d 1249, 1250 [4th Dept 2023]; Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO, 156 AD3d at 1408). We are powerless to set aside that interpretation even if we disagree with it (see Syracuse Firefighters Assn., Local 280, IAFF, AFL-CIO, CLC, 213 AD3d at 1250). Contrary to respondent's urging, the arbitrator's determination was not irrational; nothing in the CBA suggests that a request for emergency leave may not be made prior to the start of a tour of duty, and the arbitrator provided a justification for his determination (see Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1437-1438 [4th Dept 2024]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court