Matter of Buffalo Teachers' Fedn. (Board of Educ. of the Buffalo City Sch. Dist.) (2024 NY Slip Op 04868)

Matter of Buffalo Teachers' Fedn. (Board of Educ. of the Buffalo City Sch. Dist.)

2024 NY Slip Op 04868

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

590 CA 23-01595

[*1]IN THE MATTER OF ARBITRATION BETWEEN BUFFALO TEACHERS' FEDERATION, PETITIONER-APPELLANT, AND BOARD OF EDUCATION OF THE BUFFALO CITY SCHOOL DISTRICT, RESPONDENT-RESPONDENT.

ROBERT T. REILLY, GENERAL COUNSEL, NEW YORK STATE UNITED TEACHERS, LATHAM (JOSE L. MANJARREZ OF COUNSEL), FOR PETITIONER-APPELLANT. 
CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered August 10, 2023, in a proceeding pursuant to CPLR article 75. The order and judgment denied the petition seeking to vacate an arbitration award and confirmed the award. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 75 proceeding, petitioner appeals from an order and judgment that denied petitioner's petition seeking to vacate an arbitration award and confirmed the award. We affirm.
"It is well settled that judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]; see Matter of Syracuse Firefighters Assn., Local 280, IAFF, AFL-CIO, CLC [City of Syracuse], 213 AD3d 1249, 1249 [4th Dept 2023]). As relevant here, "CPLR 7511 (b) (1) (iii) permits vacatur of an award where . . . the arbitrator exceeds [their] power" (Matter of Gerber v Goldberg Segalla LLP, 199 AD3d 1354, 1355 [4th Dept 2021]). "An arbitrator exceeds [their] power . . . where [their] award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Barone v Haskins, 193 AD3d 1388, 1390 [4th Dept 2021], lv denied 37 NY3d 919 [2022], appeal dismissed 37 NY3d 1032 [2021]; see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]), such as "a limitation on [the arbitrator's] power as set forth in [a collective bargaining agreement]" (Matter of Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO [City of Lackawanna], 156 AD3d 1406, 1407 [4th Dept 2017]). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where 'an arbitrator has made an error of law or fact' " (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91 [2010], quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 83 [2003]). As the Court of Appeals has explained, "[c]ourts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). "The party [*2]seeking to vacate an arbitration award thus bears a heavy burden to establish that the arbitrator exceeded their power" (Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1436 [4th Dept 2024]; see Matter of Asset Protection & Sec. Servs., LP v Service Empls. Intl. Union, Local 200 United, 19 NY3d 1009, 1011 [2012]).
Here, contrary to petitioner's assertion, the arbitrator merely interpreted and applied the limitation contained within the relevant collective bargaining agreement (CBA) prohibiting arbitration of the grievance filed by petitioner, as he had the authority to do (see Lackawanna Professional Fire Fighters Assn., Local 3166, IAFF, AFL-CIO, 156 AD3d at 1408). We are powerless to set aside that interpretation even if we disagree with it (see id.). In any event, we conclude that the plain language of the CBA supports the arbitrator's interpretation.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court